State v. Stover

STATE OF NORTH CAROLINA v. LEWIS JAMES STOVER, JR.

No. 11A87

(Filed 3 February 1988)

**1. Criminal Law § 113.5; Indictment and Warrant § 17.2— instructions on date of offense—no deprivation of alibi defense**

The trial court in a rape and sexual offense case did not deprive defendant of his alibi defense by instructing the jury to return verdicts of guilty if it found that defendant committed the crimes charged "on the date alleged" and by refusing to include the specific date of 21 December 1985 in its mandate to the jury where all of the State's evidence was to the effect that the crimes occurred on 21 December 1985 as alleged in the indictments, and where defendant's testimony that he had seen the victim at a card party at his girlfriend's house on 9 December 1985, even when combined with defendant's alibi evidence relevant to 21 December 1985, was not evidence from which the jury could properly infer that the crimes charged were committed on 9 December 1985.

**2. Criminal Law § 128.2— spectator glaring at jury foreperson—exclusion from courtroom—denial of mistrial**

The trial court did not err in the denial of defendant's motion for a mistrial made on the ground of possible juror intimidation after he learned that a spectator who had been subpoenaed by defendant but did not testify had been excluded from the courtroom by the trial judge because he was glaring at the jury foreperson where the court questioned the jurors individually from a list of questions prepared by defense counsel, most of the jurors stated that they did not associate the spectator with defendant, all jurors stated that the spectator's actions did not influence their verdict, and the trial court made findings and conclusions that no prejudice to defendant had been shown.

APPEAL by the defendant pursuant to N.C.G.S. § 7A-27(a) from judgment imposing a sentence of life imprisonment entered by *Pope, J.*, at the 9 September 1986 Criminal Session of Superior Court, GUILFORD County. Heard in the Supreme Court on 9 November 1987.

*Lacy H. Thornburg, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State.*

*Robin E. Hudson for the defendant-appellant.*

MITCHELL, Justice.

The defendant was properly indicted by the Grand Jury of Guilford County in bills of indictment charging him with the com-

mission of first degree rape and the commission of two first degree sexual offenses. A jury found the defendant guilty of each of the three offenses as charged. The trial court consolidated the cases against the defendant for judgment and entered judgment sentencing him to imprisonment for life. The defendant appeals to this Court as a matter of right.

The State's evidence at trial tended to show, *inter alia*, that the defendant, Lewis James Stover, Jr., was the boyfriend of the victim's next door neighbor, Renee Carroll, and at times lived with Carroll. On 21 December 1985, the victim went to the Carroll residence to play with Jamie Holder, a female child approximately six years of age, who was the daughter of Renee Carroll. The victim, a female child, was ten years of age at the time. On that occasion, the defendant called the victim into the bathroom. He pulled down his pants, pulled down the child's pants and stuck his finger in her "private part" or "place where you use the bathroom." She tried to push him away, but was unable to do so. When the victim declined the defendant's invitation to commit certain sex acts upon him, he allowed her to leave the bathroom. The victim then went to Jamie's room and sat with her.

The defendant then called the victim into Renee Carroll's bedroom. When the victim went to the bedroom, the defendant pushed her onto the bed and put his "private part" into her "private part." He pressed down and "started moving around" while the child attempted unsuccessfully to push him away.

The defendant then got up and went into the bathroom. He returned and put vaseline around the child's "private part," and then stuck his "private part" into her again while she tried to push him away. Thereafter, he took his "private part" out of her and stuck it in her mouth. She felt as though she "was getting ready to choke" and pushed him away. He then put his tongue on her "private part."

The victim returned to Jamie's room. Thereafter, the defendant again took her into the bathroom and told her "to pull his private part" which the victim did. Thereafter, the victim left the home.

The defendant offered alibi evidence, in the form of his own testimony and the testimony of Renee Carroll's mother, tending

to show that neither he nor the victim were in the Carroll home on 21 December 1985.

[1]  The defendant first assigns as error the trial court's instructions to the jury. He contends that the trial court's instructions concerning the date of the crimes as charged in the bills of indictment improperly deprived him of his alibi defense. The trial court instructed the jury, in pertinent part, to return verdicts of guilty if it found that the defendant committed the crimes charged "on the date alleged." Immediately after the trial court completed its jury instructions, but before the jury retired, counsel for the defendant requested a correction of the trial court's mandate to the extent that the date of 21 December 1985 be specifically inserted therein. At that time, trial counsel argued that the specific date alleged in the indictment should be included in the mandate to the jury, because evidence had been introduced tending to show that the offenses alleged might have taken place on a day other than 21 December 1985. The trial court denied this request.

The defendant's counsel on appeal concedes that there was evidence tending to show that the crimes charged occurred on 21 December 1985. However, counsel argues that there also was evidence from which the jury could have inferred that the offenses occurred on 9 December 1985. Counsel argues that it was crucial for the jury to be reminded to convict the defendant only if it found that the offenses had been committed by him on 21 December 1985 as alleged in the indictments, because the defendant had offered alibi evidence as to that date but not as to 9 December 1985. We find no merit in such arguments, given the evidence introduced in this case.

Here the State did not present evidence in its case in chief that the crimes occurred on one date, then attempt to change its theory of the date of the crimes after alibi evidence had been introduced by the defendant. *See generally State v. Christopher*, 307 N.C. 645, 300 S.E. 2d 381 (1983); *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961). All of the State's evidence was to the effect that the crimes occurred on 21 December 1985, as alleged in the indictments.

The evidence which the defendant contends would permit the jury to infer that the crimes occurred on 9 December 1985 arose from the defendant's testimony. He testified that he had seen the

victim at a card party he held at his girlfriend's home on 9 December 1985, but that he had not been alone with the victim on that occasion. Such testimony, even when combined with the defendant's alibi evidence relevant to 21 December 1985, was not evidence from which the jury properly could infer that the crimes charged were committed on 9 December 1985. We conclude that the trial court's instructions could not have caused the jury to believe that it was to return a verdict of guilty if it found the defendant committed the offenses charged on some date other than that contained in the bill of indictment and supported by all of the evidence—21 December 1985.

[2] The defendant next assigns as error the trial court's failure to declare a mistrial. After the jury returned its verdicts in this case, counsel for the defendant made a motion for mistrial based upon possible intimidation of the jurors by Terry Lee Garner, who had been subpoenaed by the defendant but was not called as a witness at trial. The defendant's trial counsel stated that after the jury had begun deliberations, she had become aware of the fact that Garner had been excluded from the courtroom by the trial court because the jury foreperson had complained that Garner was glaring at her.

The trial court conducted a voir dire in chambers and questioned the jurors individually from a list of questions prepared by counsel for the defendant. Although some of the jurors indicated that they had been aware of the fact that Garner was staring or glaring at the foreperson of the jury, most of the jurors indicated that they did not associate Garner with the defendant. All of the jurors specifically stated that Garner's actions had not influenced their verdict in any way. The trial court made findings and conclusions to the effect that no prejudice to the defendant had been shown and denied the defendant's motion for a mistrial. Even assuming *arguendo* that the defendant's motion for mistrial was made "during the trial" within the meaning of N.C.G.S. § 15A-1061, the evidence before the trial court supported its conclusion that Garner's actions had not resulted in any substantial and irreparable prejudice to the defendant's case. Therefore, the trial court properly denied the defendant's motion for a mistrial.

No error.